**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **DANNY ANGEL RODRIGUEZ,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:20cv373** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **WARDEN JASON C. STREEVAL,** | ) | **By: Norman K. Moon** |
| **Respondent.** | ) | **Senior United States District Judge** |

Petitioner Danny A. Rodriguez, a federal inmate proceeding *pro se*, initiated this case by

filing a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In it, he

challenges the custody classification that he has been assigned by the Bureau of Prisons

("BOP").  After review of the record, I conclude that his petition is not a proper § 2241 petition

and instead Rodriguez's claims must be brought in a civil rights action.  Because he has failed to

state a constitutional claim, however, I will decline to construe his petition as a civil rights action

and summarily dismiss his petition without prejudice.[1]

## I.   BACKGROUND

Rodriguez's sole claim in his current § 2241 petition is that the BOP is improperly

classifying him as a higher security risk than he is.  He claims that this improper custody

classification has resulted in him being held at a high security facility "despite having low

custody points."  Specifically, he contends that he has been scored pursuant to a management

variable ("MGTV")[2] that is improper, because it is based on criminal conduct of which he was

---

[1]  Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

[2]  Pursuant to the BOP's Program Statement 5100.08, Ch. 2 p. 3, "a Management Variable (MGTVs) reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution.  A Management Variable(s) is required when placement has been made and/or maintained at an institution level inconsistent with the inmate's security score—a score which may not completely/accurately reflect his or her security needs." *Bureau of Prisons*, "Inmate Security Designation and Custody Classification," available at https://www.bop.gov/policy/progstat/5100_008cn.pdf (last visited July 7, 2020)

acquitted in 1994. He argues that this is in violation of the BOP's policies, and he also alleges

that it constitutes a violation of his due process and equal protection rights. (Pet. 7, Dkt. No. 1.)

He further argues that, even with the MGTV, he is only supposed to be at a medium security

facility. He contends that the BOP "wrongly piggy-backed the (MGTV) on top of the [Public

Safety Factor] to justify jumping two security levels instead of one security level higher than my

score would otherwise require." (*Id.* at 12.)

For relief, he asks that the court order the removal of the MGTV, which he says will

result in his being housed "at worst" at a medium security facility and possibly a low security

facility. (*Id.* at 8, 10.) He also asks for an immediate transfer to a different facility (specifically

naming F.C.I. Miami), and he points out a number of other factors that support his placement

there, including its proximity to his family. (*Id.* at 8–9.)

## II. DISCUSSION

A § 2241 petition is the proper vehicle for a federal inmate to attack the manner in which

his sentence is executed. *See* 28 U.S.C. § 2241. A habeas petition brought pursuant to § 2241 is

appropriate where a prisoner challenges the fact or duration of his confinement, but generally not

the conditions of that confinement. *See Preiser v. Rodriquez,* 411 U.S. 475, 499–500 (1973). In

this case, Rodriguez challenges his custody classification, which in turn affects where he may be

housed. As such, he does not attack the "fact or duration" of his sentence, *id.* at 500; rather, he

claims that the allegedly improper custody classification negatively affects the conditions of his

confinement.[3]

---

[3] Because Rodriguez's claim does not allege that the BOP's custody classification has affected the fact or duration of his confinement, it does not fall within the exception recognized by some courts for a "quantum change in the level of custody," such as from a BOP facility to a halfway house, which may sound in habeas. *See Gosier v. Mitchell*, No. 09-931, 2010 WL 619175, at *3–4 (D.S.C. Feb. 18, 2010) ("Some courts have held that if a federal prisoner is seeking what can fairly be described as a 'quantum change in the level of custody' a § 2241 petition is appropriate.") (citations omitted). The Seventh Circuit described such a quantum change as being outright freedom, freedom subject to limited constrains of bond, parole, or probation, or the run of the prison in contrast to disciplinary segregation. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Challenges to a federal prisoner's custody classification, like the one brought by Rodriguez, are thus not cognizable in habeas under § 2241. *See Levi v. Ebbert,* No. 09–3325, 2009 WL 4196470, at *1 (3rd Cir. Nov.30, 2009) ("Claims concerning the determination of [a prisoner's] custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition.") (citation omitted).  Numerous district courts within the Fourth Circuit, including this one, have noted or applied this principle.  *Davis v. O'Brien*, No. 7:07cv582, 2007 WL 4592199, at *1 n.1 (W.D. Va. Dec. 26, 2007) ("[P]laintiff has been advised . . . of the impropriety of his attempts to bring civil rights actions under § 2241, and that a challenge to his security classification does not present a *habeas* claim."); *Sappleton v. Hogsten*, No. 1:11-00552, 2014 WL 2565547, at *1 (S.D. W. Va.  June 6, 2014) (construing § 2241 petition challenging custody classification as a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and dismissing it for failure to state a claim); *Rodriquez v. Cruz*, No. 9:12-2154, 2013 WL 2416321, at *4 (D.S.C. June 3, 2013) (reasoning that a § 2241 habeas petition is not the proper avenue for challenging a prisoner's security or custody classification); *Moore v. Driver,* Civil Action No. 1:07cv166, 2008 WL 4661478 at *8 (N.D. W. Va. Oct. 21, 2008) (same).  Consistent with these cases, I conclude that Rodriguez may not use § 2241 to challenge his custody classification.

Moreover, although Rodriguez's claim is actually more properly construed as a civil rights case under *Bivens*, I decline to convert his petition to a *Bivens* action because Rodriguez's claims are subject to dismissal in any event.  As noted, he asserts two claims, a due process claim and an equal protection claim.  I address each briefly.

A due process claim is only cognizable when a recognized liberty or property interest is at stake.  *Board of Regents v. Roth,* 408 U.S. 564, 569–570 (1972).  But no such interest is implicated here.  To the contrary, there is no constitutionally "protected liberty interest in a

3

particular classification within the BOP or in being confined in a particular institution." *Posey v. Dewalt*, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999).  Indeed, the Supreme Court so held decades ago:

> [N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

*Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976) (quotation omitted); *see also Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (recognizing that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison").  Thus, his due process claim fails.

As to Rodriguez's equal protection claim, his petition does not contain any facts to support an equal protection violation.  In documents attached to his complaint, which are internal complaints he filed with the BOP, Rodriguez identifies another inmate by name and prisoner number and claims that the other prisoner does not have an MGTV and should.  But to state an equal protection claim, the plaintiff must allege plausible factual matter to show "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).  If the plaintiff makes such showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.* Rodriguez fails to allege any facts to show that this particularly inmate—or anyone else—is a similarly situated person who was differently than him, or that the alleged

4

unequal treatment was the result of intentional or purposeful discrimination.[4]  Thus, he has not

adequately stated an equal protection claim.

In light of these deficiencies, I decline to construe Rodriguez's claims as a *Bivens* action

and will instead dismiss his claims without prejudice.  In the event that Rodriguez believes he has

a valid *Bivens* claim and can remedy the deficiencies identified in this memorandum opinion, he

may refile a separate civil action.

### III.  CONCLUSION

For the reasons stated herein, Rodriguez cannot proceed under § 2241 and his petition

must be dismissed.  Further, concluding that Rodriguez has failed to make a substantial showing

of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), and concluding that

jurists of reasons would not find it debatable whether my procedural ruling is correct, *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)*,* I will deny a certificate of appealability.  An appropriate

order will be entered.

**ENTER**: This  8th  day of July, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4]  Because I conclude that Rodriguez's petition fails to state a valid *Bivens* claim as currently pled, I do not reach other potentially related issues, including whether district courts are precluded by 18 U.S.C. § 3625 from reviewing a prisoner's custody classification made by the BOP under 18 U.S.C. § 3621, *see Shah v. Samuels*, 121 F. Supp. 3d 843, 847 (E.D. Ark. 2015), or whether any exceptions allowing review apply here, *Moore*, 2008 WL 4661478, at *8 (noting exceptions recognized by the Supreme Court).